## Black-Dienes v. Markey

572

C.P. of York County, no. 97-SU-05795-01.

*Douglas R. Bare,* for plaintiffs.
*Rolf Kroll,* for defendant.

KENNEDY, *J.,* February 8, 1999—The lawsuit underlying this motion arose out of an automobile accident involving vehicles driven by Mr. Dienes and Mr. Markey. Plaintiffs claim that Ms. Black-Dienes, a front-seat passenger in her husband's vehicle, suffered a variety of mental and physical injuries as a result of the accident. In the course of discovery, defendant requested that Ms. Black-Dienes submit to an independent medical

examination. In response to defendant's request, plaintiffs' counsel wrote a letter demanding "the right to be present during any insurance company medical examination." [1] Defendant then filed a motion seeking to compel Ms. Black-Dienes to submit to an IME without counsel or any other representative present.[2] This court denied defendant's motion on June 17, 1998.

Ms. Black-Dienes submitted to an IME on October 14, 1998, accompanied by Beverly Purcell-Church, a representative from plaintiffs' counsel's office.[3] Following the IME, defendant's counsel sought to depose Ms. Purcell-Church. Plaintiffs' counsel refused the request, and the matter is now before this court on defendant's motion to compel the deposition of Ms. Purcell-Church.

Defendant argues that Ms. Purcell-Church is a fact witness to the IME and was present primarily for the purpose of gathering information for cross-examination of the doctor who performed the exam. Plaintiffs argue that Ms. Purcell-Church is not expected to be called as a witness at trial and, as such, falls within the protection of Pa.R.C.P. 4003.5(a)(3).

The mere fact that a witness is not expected to be called at trial is not enough to invoke the protection of Rule 4003.5(a)(3).[4] In order for the rule to apply,

---

1. Apparently, the doctor defendant hired to perform the IME had a policy of not allowing plaintiffs' counsel to attend examinations.

2. Defendant's motion was filed prior to the effective date of Pa.R.C.P. 4010(a)(4)(i), which gives the person to be examined the right to have counsel or other representative present during the examination.

3. Ms. Purcell-Church is a certified paralegal and registered nurse.

4. The rule provides, in pertinent part, "[a] party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial."

the witness (1) must be an expert, (2) the witness must have been retained or specially employed in anticipation of litigation or preparation for trial, and (3) the party who hired the witness must not expect to call her at trial.

Without addressing the issue of whether Ms. Purcell-Church would qualify as an expert, plaintiffs are not entitled to the protection of Rule 4003.5(a)(3) because Ms. Purcell-Church was not "retained or specially employed . . . in anticipation of litigation or preparation for trial." Instead, Ms. Purcell-Church is a certified paralegal and registered nurse employed in plaintiffs' counsel's office. The explanatory note to Rule 4003.5 makes it clear that subsection (a)(3) does not apply to a party's employee.[5] Likewise, it seems that Rule 4003.5(a)(3) operates to prevent a party's attorney from employing an individual to investigate clients' claims and then designating that person as an expert in order to avoid otherwise permissible discovery.

Plaintiffs argue that the recently enacted amendment to Pa.R.C.P. 4010 militates against granting defendant's motion. New subsection (a)(4)(i), which became effective July 1, 1998, gives the person subject to an IME the right to have counsel or other representative present during the examination. Prior to the enactment of the new subsection, the decision of whether to allow a party's counsel or other representative to be present during an examination was a matter within the discretion of the court. See *e.g., Bewley v. Crouse,* 4 D.&C.4th

5. According to the note, "[a] regular employe of a party who may have collected facts, prepared reports and rendered opinions, and who may qualify as an expert, is not covered by this subsection and has no immunity from discovery, simply because the party elects not to call him at trial. He is not an 'expert' within the meaning of the rule; he is simply a witness, an employe of a party."

535 (1989); *Harding v. Sears, Roebuck & Co.,* 47 D.&C.3d 591 (1987). The enactment of subsection (a)(4)(i) has removed the trial court's discretion, *i.e.,* a party's attorney or other representative's presence is now a matter of right.

Plaintiffs argue, and we agree, that subsection (a)(4)(i) is intended to offer protection to a party subject to an IME. However, nothing in the text of the rule or the explanatory comment thereto suggests that the amendment was intended to alter any of the other rules governing discovery.

Although plaintiffs cannot invoke the protection of Rule 4003.5(a)(3) in respect to Ms. Purcell-Church, they are not without protection. Defendant's discovery in this matter is subject to Pa.R.C.P. 4003.3. Pursuant to that rule, trial preparation materials of a party's attorney are protected from discovery where mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories are involved. Case law has given the same work-product protection to paralegals. See *Brant v. Turnamian,* 9 D.&C.4th 216 (1991).

This matter is somewhat analogous to the issue addressed in *Curry v. Fayette County Housing Authority,* 49 D.&C.3d 66 (1988). In *Curry,* the court held that comments made by a third party to a litigant in the presence of the litigant's attorney were not protected as work product under Rule 4003.3. However, the court noted that the comments would not be discoverable if they had been made by her representative and dealt with mental impressions or evaluations. In this matter, the things that Ms. Purcell-Church heard and saw at the IME are not work product. However, any opinion or evaluation based on those observations clearly qualifies as work product under Rule 4003.3.

Defendant argues that the deposition of Ms. Purcell-Church is necessary because she may be called as a witness to impeach the doctor who performed the IME. Defendant envisions a situation in which Ms. Purcell-Church would be called to testify about her factual observations concerning the conduct of the examination. For example, she may testify that the doctor did not ask the questions he claims he did in taking the patient's history, that he incorrectly reported Ms. Black-Dienes' responses to questions asked, or that he did not perform some of the tests he claims to have performed. Defendant points to plaintiffs' counsel's unwillingness to stipulate that Ms. Purcell-Church will not be called as a witness as a cause for concern.

Although we feel that defendant's concerns may never be realized, we agree that the scope of discovery outlined in Pa.R.C.P. 4003.1 applies to Ms. Purcell-Church's observations during the IME because her testimony can potentially be offered to attack the defendant's expert testimony regarding the extent of Ms. Black-Dienes' injuries. Although we will grant defendant's motion, we emphasize that the full protection of Rule 4003.3 applies to Ms. Purcell-Church. Therefore, defendant's discovery efforts directed to Ms. Purcell-Church are strictly limited to her factual observations of the IME.

## ORDER

And now, February 8, 1999, defendant's motion to compel discovery is granted. It is further ordered that defendant's discovery relating to Ms. Purcell-Church shall be strictly limited to her factual observations of the October 14, 1998 independent medical examination of Susan Black-Dienes.